IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP BETZ, # 20840-044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-104-MJR |
| ) | |
| GREENVILLE CORRECTIONAL INST., ) | |
| FEDERAL BUREAU of PRISONS, ) | |
| and ERIC HOLDER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is a federal inmate currently incarcerated at the Federal Medical Center ("FMC") in Lexington, Kentucky. He has brought this *pro se* action pursuant to the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126.[1] According to the complaint, Plaintiff was injured in July 2011, while he was working as an inmate recreational worker at FCI-Greenville (Doc. 1, p. 1). He fell while carrying heavy equipment, and sustained injuries to his back, spine, and right shoulder. Prison officials at the Lexington FMC have refused to send Plaintiff to a neurosurgeon, and have only allowed him to see an orthopedic surgeon (Doc. 1, p. 2). He seeks to be "made whole from the accident." *Id*.

Before bringing the instant action, Plaintiff filed a tort claim over this same incident in July 2013. However, he was advised that he must instead seek relief under the IACA (Doc. 1, p. 1). He filed this suit on January 30, 2014.

---

[1] In his complaint, Plaintiff misidentified the statute as 18 U.S.C. § 4124 (Doc. 1, p. 1).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, and after reviewing Plaintiff's sentence and projected release information, the Court concludes that this action is subject to summary dismissal.

The Court may take judicial notice of public records available on court and government websites. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Accordingly, the Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to obtain information on Plaintiff's criminal conviction, and the website of the Federal Bureau of Prisons ("BOP") (http://www.bop.gov/inmateloc/) regarding his custody. Plaintiff pled guilty to being a felon in possession of a firearm, and on February 16, 2006, he was sentenced to 15 years. *United States v. Betz*, Case No. 04-cr-2286 (E.D. Mo.) (Doc. 36 in criminal case). The BOP projects that he will be eligible for release on January 24, 2017.[2] Based on that estimate, Plaintiff has nearly three years of his sentence left to serve in prison.

Statutory authority for the IACA is found at 18 U.S.C. § 4126(c)(4), which created the Prison Industries Fund in order to compensate "inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." The implementing regulations

---

[2] Http://www.bop.gov/inmateloc/ (Last visited Feb. 27, 2014).

for this no-fault compensation program are found at 28 C.F.R. § 301.101 *et seq*. These regulations set the parameters for an inmate who desires to pursue compensation under the IACA. The rules state, in pertinent part, "No compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release." 28 C.F.R. § 301.301(a). Further, the prisoner must begin the process of seeking a monetary award by filing an administrative claim when s/he is close to being released from prison:

> No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of a . . . work-related injury shall submit a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury."

28 C.F.R. § 301.303(a). Further, if Plaintiff fully recovers during the remaining time he must spend in custody, and has no impairment at the time of his release, he would not be eligible for payment under the IACA. 28 CFR § 301.314(a).

Clearly, Plaintiff has brought this IACA claim prematurely and in the wrong manner. He must follow the procedures set forth in the regulations cited above to file an administrative claim at the proper time, if he still has a work-related impairment. This action shall therefore be dismissed, albeit without prejudice to Plaintiff pursuing his IACA claim in the future.

Plaintiff also indicates that he is dissatisfied with the medical care he has received since being transferred to the Lexington FMC. The Court offers no opinion on whether Plaintiff might have a constitutional claim for deliberate indifference to his medical needs against any individual medical provider, based on the very minimal allegations in the complaint. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In any case, if Plaintiff is trying to bring a *Bivens* claim against prison staff at his current institution, he would have to file it in the federal court where those Defendants are located. Therefore, this matter shall not be addressed further.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, Plaintiff is **REMINDED** that despite the dismissal of this case, he must still comply with the Court's February 26, 2014, order (Doc. 5) requiring him to sign and return the "Consent Form – *In Forma Pauperis* Proceedings" within 15 days of that order.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

s/ MICHAEL J. REAGAN
United States District Judge
